HEALY LLC
Valeria Calafiore Healy, Esq.
(SDNY BAR NO. VC3773)
valeria.healy@healylex.com
154 Grand Street
New York, New York  10013
Telephone:     (212) 810-0377
Facsimile:      (212) 810-7036

*Counsel for Plaintiff*
*Cesari S.r.l.*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CESARI S.R.L., an Italian Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> PEJU PROVINCE WINERY L.P., a California Limited Partnership, PEJU FAMILY OPERATING PARTNERSHIP, L.P., a California Limited Partnership, and PEJU PROVINCE CORPORATION, a California Corporation <br><br> Defendants. | CASE NO: 17-0873 <br><br> **COMPLAINT FOR:** <br><br> 1. **Federal Trademark Infringement** <br> 2. **Federal Unfair Competition** <br> 3. **Common Law Trademark Infringement** <br> 4. **Common Law Unfair Competition** <br> 5. **Federal Cybersquatting** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Cesari S.R.L. ("Plaintiff" or "Cesari"), with knowledge as to its own conduct and upon information and belief as to the conduct of all others, hereby complains against Defendants Peju Province Winery L.P., Peju Family Operating Partnership L.P., and Peju Province Corporation ("Defendants" or "Peju") as follows:

1

## SUMMARY AND NATURE OF THE ACTION

1. This is a straightforward action involving a well-known producer of Italian wines, Cesari, and a recidivist trademark infringer, Peju, a Napa winery that insists on willfully infringing Cesari's federally registered and incontestable trademark "Liano," by using the virtually identical and confusingly similar name "Liana" to market and sell wines:[1]

### CESARI'S REGISTERED TRADEMARK

**LIANO**

### PEJU'S COPIED VERSION OF CESARI'S TRADEMARK

**LIANA**

2. Cesari has been distributing its high-quality wines in the Unites States under the mark "Liano" since at least 1989.

3. In 2003, Cesari received a federal trademark registration for the "Liano" mark covering wines. Since then, Cesari has had the exclusive right to use the Liano trademark to market and sell its high-quality wines and wine business in the United States. The Liano mark has also became incontestable as provided for by the Lanham Act.

4. Peju is a relatively new family owned winery based in the Napa region and distributing wines in New York and throughout the United States.

5. Peju has known about Cesari's federally registered trademark "Liano" since at least 2003, when the parties became involved in litigation before Trademark Trial and Appeal Board ("Trademark Board") of the United States Patent and Trademark Office ("PTO").

---

[1] A true and correct copy of Cesari's federally registered trademark "Liano" is attached hereto as **Exhibit 1**.

6. In 2004, the Trademark Board issued a judgment against Peju and in favor of Cesari finding that Peju could not use the name "Liana" to market or sell wines (the "2004 Decision").[2] In its 2004 Decision, the Trademark Board held that the name "Liana" as a trademark covering wines would cause confusion with Cesari's "Liano" trademark, because "Liana" is virtually identical to Cesari's trademark, and because both companies operate in the same sector. Peju did not challenge the 2004 Decision. The 2004 Decision constitutes res judicata between the parties, and Peju had no right to disregard it, and no right or authorization to disregard Cesari's federally registered trademark.

7. Despite knowing that using the word "Liana" to mark and sell wines would infringe Cesari's federally registered trademark and damage Cesari, on or about 2016,[3] Peju decided to ignore the 2004 Decision, ignore Cesari's federally registered trademark, and use the infringing name "Liana" anyway, willfully and without authorization, to market its wines and wine business in New York and throughout the United States. Peju has also registered a website, disseminates and displays marketing materials both in printed format and electronically to market and sell wines containing the same infringing name "Liana," which falsely gives the impression that "Liana" is associated with "Liano."

8. Because Peju refuses to cease its infringing activities, Cesari now brings this action to remedy Peju's willful and unlawful conduct. Cesari seeks equitable relief and damages in the form of (i) permanent injunctive relief restraining Peju's unlawful infringement and unfair competition, (ii) disgorgement of all proceeds and other benefits obtained by Peju from their unlawful activity, (iii) damages resulting from the willful infringement, and all other damages

---

[2] A true and correct copy of the 2004 Decision by the Trademark Board relating to Peju's attempt to register "Liana" as a trademark for wines is attached hereto as **Exhibit 2**.

[3] Cesari believes the infringement began in 2016, but will have to await discovery to determine whether the infringement began before that date.

and remedies available under the applicable laws, including recovery of all costs and fees incurred by Cesari as a result of Peju's unlawful conduct.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### THE PARTIES

9. Plaintiff Cesari S.R.L. is an Italian limited liability company headquartered in Northern Italy. Cesari has been producing high-quality wines for decades and distributes its wines throughout North America, including under its federally registered "Liano" trademark.

10. The Defendants are three entities created, owned, and run in the Napa region by the Peju family, Anthony Peju and his wife, Herta Peju (*nee Behensky*) (the "Peju family").

11. Defendant Peju Province Winery, LP is a California Limited Partnership with a registered address at 8466 St. Helena Highway, Rutherford, California 94753.

12. Defendant Peju Province Corporation is a California corporation with a registered address at 8466 St. Helena Highway, Rutherford, California 94753.

13. Defendant Peju Family Operating Partnership, LP, is a California limited partnership with a registered address at 8466 St. Helena Highway, Rutherford CA 94573.

### JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) because this action arises under an Act of Congress relating to trademarks, as it involves Peju's infringement of Cesari's federally registered trademark and related acts of cyber piracy. *See* 15 U.S.C. §§ 1116 et seq.

15. This Court also has supplemental and pendent jurisdiction pursuant to 28 U.S.C. § 1338(b) over all non-federal claims, because they are related to the claims arising under federal law. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

16. This Court has personal jurisdiction over the Defendants by virtue of their

transacting business in and engaging in infringing activities in the State of New York and in this judicial district, among other places.  Peju has been directly transacting, doing, and soliciting business in this district, including selling and marketing the infringing wines sold under or through the infringing "Liana" name to purchasers in New York and in this judicial district.

17. By way of example, Peju sells the infringing wines directly to over 100 outlets in the New York City area, consisting of wine shops, restaurants, clubs, and similar outlets, as advertised on one of its websites.

18. By way of another example, Peju has sold its infringing wines directly to New York purchasers through its website and by phone.  For instance, on January 25, 2017, Peju sold a bottle of one of the infringing wines, named "Liana" in New York through its website. Between January 31, 2017 and February 1, 2017, Peju, sold additional infringing wines through its infringing website and through telephone orders to a New York purchaser, to whom it also sent false and misleading marketing materials using the infringing name Liana.  By way of another example on February 3, 2017, Peju delivered infringing wines Liana and Liana Estates to a purchaser in New York, as set forth below:








## CESARI'S EXCLUSIVE RIGHT TO USE THE "LIANO" TRADEMARK

19. Cesari is the owner of the trademark "LIANO" or "Liano" for wines as well as the owner of incontestable U.S. Trademark Registration No. 2671495 for the "Liano" mark for wines in International Class 33. Cesari's federal trademark registration issued January 7, 2003, with constructive rights dating back to August 29, 2001.

20. The Liano mark is valid, incontestable, and subsisting on the Principal Register. Cesari has continuously used the Liano Mark in commerce in the United States and has not abandoned it.

21. The "Liano" trademark registration is conclusive proof of Cesari's exclusive right to use the "Liano" trademark in commerce for wines.

22. Since at least as early as January 26, 1989, Cesari has been selling high-quality wines under the Liano trademark, long prior to Peju's existence, and to Peju's acts complained of herein.

23. Cesari's "Liano" mark for wine is not descriptive and is inherently distinctive.

24. As a result of Plaintiff Cesari's promotion and use of its "Liano" mark, "Liano" has come to identify products originating exclusively from, or otherwise associated with Cesari, and are distinctive of Cesari's high quality wines.

25. Plaintiff Cesari has invested substantial sums to develop and protect its "Liano" mark in the United States market for wines and alcoholic beverages.  Cesari owns extremely valuable goodwill in its "Liano" mark and the mark has substantial financial value.

### Peju's First Attempt to Register The Infringing Name "Liana"

26. On February 10, 2003, Peju attempted to register as a trademark with the PTO the name "Liana" covering "wines" in International Class 33 ("First Application").

27. On October 20, 2003, Cesari opposed Peju's First Application, alleging likelihood of confusion with the "Liano" trademark based upon Cesari's priority of use and priority of registration, Opposition No. 91158374 (the "First Opposition").

28. On February 17, 2004, Cesari filed a motion for judgment on the pleadings, which was construed by the Trademark Board as a motion for summary judgment.  On March 04, 2004, Peju filed a response to Cesari's motion.  On July 20, 2004, the Trademark Board rendered its decision granting summary judgment in favor of Cesari and against Peju.  The Trademark Board found that "[Cesari]'s pleaded mark LIANO and applicant's mark LIANA, are almost identical." Further, the Trademark Board found that "there is no genuine issue that the parties' goods are

identical" and "neither [Cesari]'s pleaded registration nor involved application has restrictions as to the channels of trade or purchasers." The Trademark Board then entered judgment in favor of Cesari and refused Peju's First Application.

### Peju's Second Attempt to Register "Liana" as A Trademark

29. On August 2, 2016, the PTO published U.S. Trademark Application with Serial Number 86937324 (the "Second Application") filed by Peju on March 11, 2016, and seeking to register as a trademark the identical "Liana" name that the Trademark Board had already rejected in 2004, as being virtually identical and confusingly similar to Cesari's registered "Liano" mark:

### PEJU'S APPLICATIONS - MARK REPRESENTATION

| 2003-Peju's First Application | 2016-Peju's Second Application |
|---|---|
| LIANA | LIANA |

### CESARI'S REGISTERED TRADEMARK

LIANO

30. The Second Application, like the first, is directed to International Class 33 covering wines.

31. As set forth above, the Second Application seeks to register as a trademark the identical name "Liana" in the identical class of goods, International Class 33, that the Trademark Board already rejected in 2004.

32. The applicants in the First and Second Applications are the same. Both the First and Second Application were signed by Anthony Peju, who represented to the PTO to be the

9

Chief Executive Officer of the applicant under the Second Application, and a partner of the applicant under the First Application.

33. Although a different Peju entity appears to have filed the Second Application, the individuals listed as owners of that entity, Herta Peju and Anthony Peju, are the same physical persons who filed the First Application.  Both applicants in the First Application and Second Application have listed the identical address of 8466 St. Helena Highway, Rutherford, CA in their applications, which is the same address listed for all three Peju Defendants in this action.

34. In light of the 2004 Trademark Board's decision, which Peju did not challenge in any court, the renewed trademark application was filed in bad faith.  For instance, Peju never informed the trademark examiner that the Trademark Board already had ruled against Peju and in favor of Cesari and previously rejected registration of the identical name "Liana" that is the subject of the Second Application, and which the Trademark Board found to be confusingly similar with Cesari's federally registered "Liano" mark.

35. Cesari has been and continues to be damaged by the bad faith and willful infringement of Peju in unlawfully using the name "Liana" to sell wines, and by Peju's attempt to register the name "Liana" as a trademark in International Class 33.

### Peju's Willful Disregard of The Trademark Board's 2004 Decision and Willful Infringement of Cesari's Trademark

36. On or about 2016, Peju, acting in bad faith, willfully began to advertise, market and sell wine in commerce throughout the Unites States using the infringing name "Liana."  In 2016, Peju set up a website titled *lianaestates.com* to sell and market the infringing "Liana" wines throughout the Unites States, without authorization from Cesari.  Peju also sells and markets the infringing Liana wines through another website called peju.com, as well as by

telephone and various other advertising and print materials, including through various prints of the word Liana placed in front of vineyards.

37. The Trademark Board already has found that Peju's use of "Liana" to market and sell wines is likely to cause confusion for consumers, given that "Liana" is virtually identical to "Liano" and that both are used for wine products.  The goods bearing Cesari's "Liano" trademark pass in the same channels of trade, to the same consumers, as the goods bearing Peju's infringing "Liana" name.

38. As the Trademark Board already has found, Peju's adoption and/or use of "Liana" in commerce is subsequent to Cesari's adoption, use, and registration of its "Liano" mark.

39. Peju's use of the term "Liana" to market and sell wines is likely to confuse consumers into believing that Peju's "Liana" wine is affiliated with, associated with, connected to, or sponsored by Cesari and its "Liano" wine, causing harm to Cesari, including by diminishing the value of Cesari's "Liano" mark, and endangering the ability of Cesari's "Liano" mark to serve as a unique and distinctive source indicator for Cesari and its wine products and services.

40. Cesari has never consented to Peju's use of "Liana" as a trade name, service mark, and/or domain name, nor has Cesari sponsored, endorsed, or approved the goods offered and promoted by Defendants.

41. Peju's conduct has caused and continues to cause damage and irreparable injury to Cesari.

42. After learning of Peju's infringing use of the term "Liana," Cesari's trademark counsel contacted Peju's counsel and asked Peju to cease and desist from its infringing conduct. Peju has refused and have instead continued to use the infringing name in commerce, in violation of Cesari's rights and of various laws.

## FIRST CAUSE OF ACTION
**(Federal Trademark Infringement – 15 U.S.C. §§ 1114, 1117 – Against All Defendants)**

43. Cesari incorporates by reference and realleges each of the allegations set forth above as if fully set forth herein.

44. Peju's actions described above and below constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Cesari's federally registered trademark, "Liano", in connection with the sale, offering for sale, distribution or advertising of goods and services on or in connection with which such use is likely cause consumer confusion, deception or mistake as to source, sponsorship or approval of Peju's aforesaid goods or services in violation of federal law.

45. As set forth above, Cesari is the registered owner of the "Liano" trademark.

46. Despite knowledge that Cesari is the owner of the "Liano" trademark, and despite the 2004 Decision by the Trademark Board, Peju, without authorization from Cesari, has used and continues to use the infringing "Liana" name in connection to Peju's marketing, sale and distribution of wines in the United States.

47. Peju's unauthorized and willful use of the infringing "Liana" name in connection with their production, marketing, sale and distribution of wines is likely to cause confusion and mistake for the public, and is likely to deceive consumers as to the source or origin of Peju's wines.

48. Peju's unauthorized and willful use of the infringing "Liana" name in connection with their production and distribution of wines has caused, and continues to cause irreparable injury to Cesari's brand, business, and goodwill represented by the "Liano" trademark.

49. By their acts, Peju has made and will make substantial profits and gains to which they are not entitled.

50. Peju has refused to cease and desist from its infringing activities and will continue with its willfully infringing acts unless enjoined by this Court.

51. Peju's acts of trademark infringement have caused and are causing irreparable injury to Cesari's brand, business, and goodwill represented by the "Liano" trademark, in an amount that cannot be ascertained, and, unless enjoined, will cause further irreparable injury, leaving Cesari no adequate remedy at law.

52. By reason of the foregoing, Cesari is entitled to equitable relief against Peju, including injunctive relief, disgorgement, as well as a right to recover all available damages, fees and costs, resulting from Peju's willful and bad faith acts of infringement.

53. Peju's infringement is exceptional as Peju has been aware since 2003 that it was not permitted to use the term "Liana" to market and sell wines, and it has nonetheless chosen to willfully infringe Cesari's rights and cause irreparable harm and damage to Cesari. As a result of its exceptional and willful violations, Cesari is entitled to treble damages, attorney's fees and costs, punitive damages and all other damages and relief available at law or in equity, including disgorgement of all profits and permanent injunctive relief.

**SECOND CAUSE OF ACTION**
**(Federal Unfair Competition – 15 U.S.C. §§ 1125(a) – Against All Defendants)**

54. Cesari incorporates by reference and realleges each of the allegations set forth above as if fully set forth herein.

55. Peju's actions described above constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Peju with Cesari or as to the origin, sponsorship, or approval of the goods offered in connection therewith in violation of federal law.

56. As set forth above, Cesari is the registered owner of the "Liano" trademark.

57. Peju, without authorization, has used and continues to use the infringing "Liana" name in connection to Peju's marketing, sale and distribution of wines in the United States.

58. Peju's unauthorized and willful use of the infringing "Liana" name in connection with their production, marketing, sale and distribution of wines is constitutes false and deceptive advertising and is likely to deceive consumers as to the source or origin of Peju's wines.

59. Peju's unauthorized and willful use of the infringing "Liana" name in connection with their production and distribution of wines has caused, has caused, and continues to cause irreparable injury to Cesari's brand, business, and goodwill represented by the "Liano" trademark.

60. By their acts, Peju has made and will make substantial profits and gains to which they are not entitled.

61. Peju has refused to cease and desist from its infringing activities and will continue with its willfully infringing acts unless enjoined by this Court.

62. Peju's acts of trademark infringement have caused and are causing irreparable injury to Cesari's brand, business, and goodwill represented by the "Liano" trademark, in an amount that cannot be ascertained, and, unless enjoined, will cause further irreparable injury, leaving Cesari no adequate remedy at law.

63. By reason of the foregoing, Cesari is entitled to equitable relief against Peju, including injunctive relief, disgorgement, as well as the right to recover all available damages, fees and costs, resulting from Peju's willful and bad faith acts of infringement.

64. Peju's unfair competition is exceptional as Peju has been aware since 2003 that it was not permitted to use the term "Liana" to market and sell wines, and it has nonetheless chosen to willfully infringe Cesari's rights and cause irreparable harm and damage to Cesari.  As a result of its exceptional and willful violations, Cesari is entitled to treble damages, attorney's fees and

costs, punitive damages and all other damages and relief available at law or in equity, including disgorgement of all profits and permanent injunctive relief.

## THIRD CAUSE OF ACTION

**(Common Law Trademark infringement – Against All Defendants)**

65. Cesari incorporates by reference and realleges the allegations set forth in above as though set forth in their entirety herein.

66. Cesari owns all right, title, and interest in and to the "Liano" trademark as aforesaid, including all common law rights in such mark.

67. The aforesaid acts by Peju constitute trademark infringement in violation of the common law of the State of New York.

68. Peju has made and will make substantial profits and gains to which it is not entitled.

69. Peju intends to continue its willfully infringing acts unless constrained by this Court.

70. Peju's actions have caused, and will continue to cause, irreparable harm to Cesari's brand, business, and goodwill as represented by the "Liano" Mark unless enjoined by this Court.

## FOURTH CAUSE OF ACTION

**(Common Law Unfair Competition – Against All Defendants)**

71. Cesari incorporates by reference and realleges the allegations set forth above as though set forth in their entirety herein.

72. Peju's acts described above constitute unfair competition in violation of the common law of the State of New York.

73. On information and belief, Peju has made and will make substantial profits and gains to which it is not entitled.

74. Peju intends to continue its willfully infringing acts unless constrained by this Court.

75. Peju's actions have caused, and will continue to cause, irreparable harm to Cesari's brand, business, and goodwill as represented by the "Liano" trademark unless enjoined by this Court.

## FIFTH CAUSE OF ACTION

**(Cyber-Squatting – 15 U.S.C. § 1125(d) - Against All Defendants)**

76. Cesari incorporates by reference and realleges the allegations set forth above as though set forth in their entirety herein.

77. Peju owns and operates *lianaestates.com*, which is used to promote and sell infringing wines with the "Liana" mark directly to consumers.

78. Peju's domain name, *lianaestates.com*, which incorporates the almost identical "Liano" trademark owned by Cesari, is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between Peju and Cesari, and/or as to the origin, sponsorship, or approval of Defendants' wines by Cesari.

79. Peju's use of *lianaestates.com* as a domain name to market and sell wines, despite the Trademark Board's ruling that "Liana" is confusingly similar to the "Liano" trademark covering wines, evidences Peju's bad faith intent to divert consumers and profit from the confusing similarity between "Liana" and the "Liano" trademark, given that both cover wines. Indeed, Cesari owns the "Liano" estate and displays on its website pictures of its winery, as does Peju on the "Liana" website.

80. Peju's continued use of the *lianaestates.com* domain harms the distinctive quality of the "Liano" trademark, causing a likelihood of confusion among the public.

81. Peju's conduct described above has resulted and will continue to result in further damages and irreparable injury for which Cesari has no adequate remedy at law.

82. Peju's acts constitute cyberpiracy under 15 U.S.C. § 1125(d). Cesari is therefore entitled to injunctive relief, as well as statutory damages pursuant to 15 U.S.C. § 1117(d).

## **PRAYER FOR RELIEF**

WHEREFORE, Cesari respectfully requests this Court to enter judgment in its favor as follows:

A. Declare that Defendants' unauthorized conduct violates Cesari's rights under the Lanham Act (15 U.S.C. § 1051 *et seq.*), the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)), and the common law of New York and any other applicable state laws;

B. Immediately and permanently enjoin Peju, their offices, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from:

  I. Using the name "Liana" or any derivative in connection with any marketing, sales, or distribution of wines;

  II. Using the domain name *lianaestates.com*, or any derivative that may encompass the "Liana" name and would be confusingly similar to Cesari's "Liano" trademark;

  III. Applying and pursuing the PTO registration for the term "Liana" or any derivative as a trademark;

      IV.    Doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers into the belief that products or services sold, offered for sale, or distributed by Peju are authorized, sponsored, licensed, endorsed, promoted, or condoned by Cesari, or are otherwise affiliated with or connected to Cesari;

      V.    Otherwise competing unfairly with Cesari in any manner;

      VI.    Aiding any other party in doing any acts prohibited in this paragraph; and

      VII.    Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

C. Order that Peju, pursuant to 15 U.S.C. §1116, serve on Cesari within thirty (30) days after service on Peju of the requested mandatory, permanent, or preliminary injunction orders, a report in writing under oath setting forth in detail the manner and form in which the Peju has complied with the injunction(s);

D. Order Peju to disgorge and account to Cesari all of Peju's profits and any damages sustained by Cesari arising from Peju's acts of willful trademark infringement, trademark dilution and unfair competition, which are presumed willful under 15 U.S.C. §1117(e) for the purposes of Peju's Lanham Act violations, and that Cesari be awarded the greater of (i) three times Peju's profits, or (ii) three times any damages sustained by Cesari, under 15 U.S.C. § 1117, plus prejudgment interest;

E. Order Peju to pay Cesari enhanced damages for their oppression, fraud, malice, and gross negligence, whether grounded on proof of actual damages incurred by Cesari or on proof of Peju's unjust enrichment, which are presumed willful under 15 U.S.C. §1117(e) for the purposes of Peju's Lanham Act violations;

F. Award Cesari its costs and disbursement incurred in connection with this action, as well as in connection with all proceedings in the PTO in connection with Peju's Second Application, including all costs, attorneys' fees and expenses, on the ground that this is an exceptional case under 15 U.S.C. §1117;

G. Award Cesari such other and further relief as this Court deems just and proper.

**Demand for Jury Trial**

Plaintiff respectfully demands a trial by jury of all issues triable of right by jury.

Respectfully submitted,

Dated: February 6, 2017
     New York, New York

By:   /s/ *Valeria Calafiore Healy*

Valeria Calafiore Healy, Esq.
(SDNY BAR NO. VC3773)
valeria.healy@healylex.com
HEALY LLC
154 Grand Street
New York, New York 10013
Telephone:  (212) 810-0377
Facsimile:  (212) 810-7036

*Counsel for Plaintiff*
*Cesari S.r.l.*