UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CESARI S.r.L., an Italian Limited Liability Company,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PEJU PROVINCE WINERY L.P., a California Limited Partnership, PEJU FAMILY OPERATING PARTNERSHIP, L.P., a California Limited Partnership, and PEJU PROVINCE CORPORATION, a California Corporation<br><br>　　　　　　　　Defendants. | CASE NO: 17-cv-00873-NRB-(KNF) |

**PLAINTIFF CESARI S.R.L.'S LIMITED OBJECTION TO MOTION TO WITHDRAW BY DEFENDANTS' LEAD COUNSEL**

<br>

　　　　　　　　　　　　　　　　　　　　　　　　HEALY LLC
　　　　　　　　　　　　　　　　　　　　　　　　Valeria Calafiore Healy, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　154 Grand Street
　　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10013
　　　　　　　　　　　　　　　　　　　　　　　　Telephone:　(212) 810-0377
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile:　(212) 810-7036

July 19, 2019　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Cesari S.R.L.*

Cesari SRL ("Plaintiff") respectfully submits this limited objection to Defendants' lead counsel's Motion to Withdraw filed at Dockets 87-88 ("Peju's Counsel").

### I. Legal Standards Relevant to Withdrawal of Counsel.

"District courts are due considerable deference in decisions not to grant a motion for an attorney's withdrawal." *Whiting v. Lacara*, 187 F.3d 317 (2d Cir. 1999). Courts consider two factors in determining whether to grant an application to withdraw: "the reasons for withdrawal and the impact of the withdrawal on the timing on the proceeding." *Intelligen Power Sys. LLC v. dVentus Techs. LLC*, 2015 WL 2431620, 2015 U.S. Dist. LEXIS 65809, *2 (S.D.N.Y. 2015). Conditions may be imposed on permission to withdraw. *See, e.g., Skyline Steel LLC v. Pilepro LLC*, 2015 U.S. Dist. 27123, *5-6 (S.D.N.Y. March 5, 2015) (conditioning withdrawal on completion of discovery); *Emile v. Browner*, 1996 WL 724715, 1996 U.S. Dist. LEXIS 18654, at *2 (S.D.N.Y. Dec. 17, 1996) (conditioning withdrawal on completion of depositions and citing several cases where counsel's withdrawal was conditioned on completion of various litigation tasks).

Consideration of the relevant factors here weighs in favor of imposing limited conditions to Counsel's withdrawal, necessary to protect Plaintiff from being prejudiced by the Peju Defendants' sudden decision to substitute their counsel. *See, e.g., Intelligen Power*, 2015 U.S. Dist. LEXIS 65809, *2 ("It would be too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney…."); *Rophaiel v. Alken Murray Corp.*, 1996 U.S. Dist. 7796 (S.D.N.Y. June 7, 1996).

### A. Plaintiff Will Be Prejudiced By Allowing The Withdrawal to Occur Before the July 24-25 Depositions Are Successfully Completed As Noticed.

Plaintiff will be prejudiced if Peju's Counsel is permitted to withdraw before the July 24-25 Napa depositions are completed and any issues arising as a result of the Peju Defendants' failure to comply with the depositions are addressed.

In Order 84, this Court noted it had received a letter by the Peju Defendants' new counsel, Mr. MacMull, in which he represented (as relevant here) that the "defendants' depositions will proceed as previously scheduled." Dkt. 84. Indeed, in his letter, Mr. MacMull represented as follows: "the depositions of defendants on July 24 and 25 in Napa, California *will proceed as originally noticed.*" Dkt. 82 at 1 (emphasis added). Late on July 18, 2018, however, Mr. MacMull notified Cesari's undersigned counsel that he does not intend to comply with the July 25th deposition notices and instead appears intent on disrupting them and making them more costly.

*Plaintiff Issued The July 25th Notices In Reliance on Counsel's Representations of June 1, 2018, That Ariana Peju Would Be The Rule 30(b)(6) Designee.* -- In a filing dated June 1, 2018, Counsel represented that "Plaintiff has not served a corporate deposition notice in this case. If it did, *Ariana Peju, not Anthony Peju, would be the 30(b)(6) designee*." Dkt. 69 at 3 (emphasis added). In reliance on this designation of Ariana Peju, Cesari issued a Rule 30(b)(6) corporate deposition notice under Rule 30(b)(6) and a Rule 30(b)(1) notice of deposition to Ariana Peju to happen on the same day, **July 25, 2018 at 10:00am**. *See* **Exhibit A** (attached) ("Notices"). In Plaintiff's counsel's experience, where a party deposes a witness that is also being designated as the Rule 30(b)(6) witness, it is professionally courteous, as well as more cost efficient for all parties, that the depositions be noticed concurrently.

***On July 18, 2018, Mr. MacMull Notified Plaintiff He Does Not Intend To Proceed With the July 25th Depositions As Noticed --*** Late on July 18, 2018, Mr. MacMull notified the undersigned counsel that he will not comply with these July 25th notices. Mr. MacMull indicated for the first time that he does not intend to offer Ariana Peju as the Peju Defendants' Rule 30(b)(6) designee. Mr. MacMull also has not disclosed to Plaintiff who the new Rule 30(b)(6) witness will be, so that counsel can duly prepare.

As a result of this sudden change less than seven days before the depositions are scheduled to occur, and more than three weeks after the Notices were issued, Plaintiff's counsel offered Mr. MacMull several possible compromises to ensure that the depositions can proceed smoothly, as "originally noticed." For instance, Plaintiff's counsel invited Mr. MacMull to make herself available to take the Rule 30(b)(6) deposition on a different date, such as July 23 or July 27, 2018. Mr. MacMull has declined.

As a result of Mr. MacMull's change, to ensure Plaintiff's own compliance with its deposition notices, Plaintiff has now been required to reserve another conference room and court reporter, and prepare a second lawyer in order to double track the Rule 30(b)(6) deposition to be taken concurrently with that of Ariana Peju as originally noticed on July 25th at 10:00am. Despite these efforts, Mr. MacMull claims he will not allow the concurrent depositions as "originally noticed." Having forced Plaintiff to make these last minute changes by claiming Ariana Peju will no longer be the Rule 30(b)(6) designee, to the extent Mr. MacMull fails to proffer his clients' witnesses in response to the two originally noticed July 25th Depositions, Plaintiff will have the right to recover any additional costs it is being forced to incur as a result of this conduct, caused exclusively by the Peju Defendants machinations to substitute their counsel in order to avoid the noticed depositions.


Plaintiff acted reasonably in relying on the representation made by Counsel on June 1, 2018, that Ariana Peju would be the Rule 30(b)(6) designee for all three Peju Defendants, and issuing her personal and her Rule 30(b)(6) notice for the same day, so that she would not have to be deposed twice.  Dkt. 69 at 3.  Mr. MacMull appeared in the case the day after the depositions notices were issued and immediately claimed he had a trial in August that would require the rescheduling of depositions.  For three weeks, Mr. MacMull remained silent about his intention to change the Rule 30(b)(6) designee.  Indeed, he represented to the Court that "the depositions of defendants on July 24 and 25 in Napa, California ***will proceed as originally noticed.***"  Dkt. 82 at 1 (emphasis added).  In fact, after the Court issued Order 84, Mr. MacMull changed course.

The Peju Defendants should not be allowed to use their voluntary change of Counsel to prejudice Plaintiff in this manner.  *See, e.g., Intelligent Power*, 2015 U.S. Dist. LEXIS 65809, *2 ("It would be too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney….").  Accordingly, as this Court previously held (Dkt. 79), Counsel should not be allowed to withdraw until the depositions originally noticed are successfully completed next week, and if not successfully completed they be held accountable, along with their clients, for any excess costs that Plaintiff may be forced to incur as a result of the disruption caused by the change in counsel.

## II. Plaintiff Requests that The Court Keep Jurisdiction Over Out-Of-State Counsel Regarding Any Future Motion for Sanctions.

As Ms. Taylor informed the Court during the June 12, 2018 conference, Plaintiff served Counsel with a Rule 11 motion in accordance with the governing safe harbor requirements.  In addition, Plaintiff may be burdened by other costs incurred as a result of Counsel's withdrawal (such as in the case anticipated by Mr. MacMull that he will not comply with the originally noticed July 25th depositions) and may need to seek relief for those costs.  Accordingly, any

withdrawal should be conditioned on the Court's retaining jurisdiction over counsel and their firm "for the purposes of adjudicating any request for fees…as many courts have done when faced" with similar requests. *Skyline Steel*, 2015 U.S. Dist. 27123, *5-6.

### III. Plaintiff Should Be Given Access To Any Portion of Counsel's Ex-Parte Affidavit Be That Bear on Any Issue In This Case, Including the Motion for Sanctions That Was Served Under the Safe Harbor Provisions.

Counsel's Motion to Withdraw does not indicate it is the result of any ethical conflict between counsel and the Defendants. Even when such ethical conflicts exists, the Second Circuit (and other courts) have addressed them on the record. *See, e.g., Whiting*, 187 F.3d at 322. Counsel cited not authority allowing her to submit an ex-parte affidavit, where there appears to be no controversy between her and her clients' decision that Counsel withdraw from the case.

To the extent, Counsel's ex-parte affidavit addresses any fact or issue pertinent to this case, including as it relates to Plaintiff's Rule 11 motion, Plaintiff should be entitled access to the affidavit so that it can have an opportunity to know what facts Counsel is presenting ex-parte to the Court and respond to them.

## CONCLUSION

For the foregoing reasons, Plaintiff makes this limited objection to Counsel's Motion to Withdraw and respectfully requests that (1) the withdrawal be conditioned on the successful completion of the originally noticed depositions of July 24-25, (2) that the Court retain jurisdiction in respect of any future motion for costs or sanctions, and (3) that Plaintiff be provided access to any portion of Counsel's ex-parte affidavit that bear on any issue in this case or relevant to any sanctions proceedings.

Respectfully submitted,

Dated: July 19, 2018         By:   /s/ *Valeria Calafiore Healy*
                                   Valeria C. Healy, Esq. (SDNY# VC3773)
                                   HEALY LLC
                                   154 Grand Street

            New York, New York 10013
Telephone:   (212) 810-0377
Facsimile:    (212) 810-7036
valeria.healy@healylex.com

*Counsel for Plaintiff Cesari S.r.l.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2018 I caused a true and correct copy of the foregoing to be served on this day via ECF to all counsel of record.

Date: July 19, 2018
　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　By:　/s/ *Valeria Calafiore Healy*

　　　　　　　　　　　　　　　　　　　　　　　　　Valeria C. Healy, Esq.
　　　　　　　　　　　　　　　　　　　　　　　　　HEALY LLC

　　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Cesari S.R.L.*