```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
CESARI S.R.L.,

                Plaintiff,

       - against -                        MEMORANDUM AND ORDER

PEJU PROVINCE WINERY L.P., PEJU           17 Civ. 873 (NRB)
PROVINCE CORPORATION, and PEJU
FAMILY OPERATING PARTNERSHIP, L.P.,

                Defendants.
----------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

**Introduction**

In 2017, plaintiff Cesari S.r.L. ("Cesari") moved for partial summary judgment to preclude Peju Province Winery L.P. ("Peju Province") and its co-defendants, Peju Family Operating Partnership ("Peju Partnership") and Peju Province Corporation ("Peju Corporation"), from re-litigating an issue that had already been adjudicated by the Trademark Trial and Appeal Board ("TTAB") in 2004. This Court held that the issue — whether Peju Province's mark, LIANA, was likely to cause confusion with Cesari's registered mark, LIANO — could not be re-litigated by Peju Province, which has been a party to the TTAB proceeding. See Cesari S.R.L. v. Peju Province Winery L.P., No. 17 Civ. 873 (NRB), 2017 U.S. Dist. LEXIS 210542, at *15 (S.D.N.Y. Dec. 11, 2017). However, we denied without prejudice plaintiff's motion to extend the preclusive

1

effect to Peju Partnership and Peju Corporation who were not parties to the TTAB proceeding. Id.

Cesari now renews its motion for partial summary judgment against Peju Partnership and Peju Corporation. In support of its motion, Cesari essentially makes two arguments. First, Peju Corporation controls both Peju Province and Peju Partnership because Peju Corporation serves as a general partner of both entities. See Pl.'s Mem. Supp. Renewed Mot. Partial Summ. J. 3, ECF No. 61. Second, preclusion is appropriate because Anthony Peju "owns and controls all three entities." Id. For the reasons discussed below, Cesari's renewed motion is denied.

## Discussion

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). In determining whether the preclusive effect can be extended to Peju Province's co-defendants, we resolve all ambiguities and draw all permissible factual inferences in favor of the defendants opposing the summary judgment. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted).

2

In our 2017 Memorandum and Order ("2017 M&O"), we provided a clear direction on what Cesari must show to extend the preclusive effect of the TTAB's ruling to the two co-defendants. Specifically, we wrote that plaintiff "must show either that (a) Peju Corporation and/or Peju Partnership controlled Peju Province in the TTAB litigation, or (b) Peju Province is controlling Peju Corporation and/or Peju Partnership in the instant litigation." Cesari, 2017 U.S. Dist. LEXIS 210542, at *14 (emphasis added).

In its renewed motion, Cesari does not point to any evidence that Peju Corporation or Peju Partnership assumed control over the TTAB litigation or that Peju Province has assumed control over the instant litigation. See Taylor v. Sturgell, 553 U.S. 880, 895 (2008) (quoting Montana v. United States, 440 U.S. 147, 154 (1979)). We consider Cesari's arguments against Peju Corporation and Peju Partnership in turn.

## I. Peju Corporation[1]

Cesari argues that Peju Corporation should be barred from re-litigating the likelihood of confusion because Peju Corporation "controlled and controls" Peju Province as the entity's general

---

[1] In their opposition brief, defendants did not discuss whether the preclusive effect should be extended to Peju Corporation. See Defs.' Opp'n Pl. Renewed Mot., ECF No. 57. In light of this, plaintiff argues that the Court "extend its December 2017 Decision as to preclusion to" Peju Corporation. Pl.'s Reply Mem. 3, ECF No. 67. Consequently, the Court asked defendants to clarify whether the absence of discussion was intended as a concession. See ECF No. 130. In response, defendants recited a portion of their opposition brief and argued that plaintiff "failed to satisfy its burden in making its motion." See ECF No. 136.

3

partner. Pl.'s Mem. Supp. Renewed Mot. 3. Plaintiff relies on the defendants' statement that the sole general partner of Peju Province "is and has always been" Peju Corporation, SJX-179, and Peju Province's certificate of limited partnership that lists Peju Corporation as the entity's general partner, SJX-174.[2]

The fact that Peju Corporation is the sole general partner is insufficient as a matter of law or fact to demonstrate that Peju Corporation assumed control of the 2004 TTAB litigation. As we stated in the 2017 M&O, Cesari needs to show that Peju Corporation actively participated in and assumed control of the 2004 litigation. See Cesari, 2017 U.S. Dist. LEXIS 210542, at *13; see also Restatement (Second) of Judgments §§ 39, 59(3)(a). Simply holding the position of a general partner does not support Peju Corporation's assumption of control over – let alone participation in – the TTAB litigation.

Neither of the cases cited by Cesari support its position. Cesari cites Vets N., Inc. v. Libutti, No. CV 01-7773 (DRH) (ETB), 2003 U.S. Dist. LEXIS 27675 (E.D.N.Y. Jan. 24, 2003), to argue that "a general partner is bound by a judgment issued against the partnership." Pl. Mem. Supp. Renewed Mot. 3. However, this case is inapposite because it involves a New York corporation and a New York partnership that are subject to New York state law. Peju

---

[2] Citations to "SJX" refer to the Summary Judgment Appendix.

Corporation is a California corporation with its principal office in Napa County, California. See SJX-170. Peju Province and Peju Partnership are limited partnerships that are registered in California. See SJX-174-75.

Cesari cites a California case, Wyler v. Feuer, 149 Cal. Rptr. 626 (Ct. App. 1978), to argue that Peju Corporation "controls and manages [Peju Province and Peju Partnership] as a matter of law." See Pl.'s Reply Mem. 3. This citation fares no better. First, the case does not hold, as a matter of law, that an entity or an individual can be deemed to have control over a legal proceeding to which a limited partnership is a party simply because the entity or the individual is a general partner of the partnership. Second, the Wyler court relies on state statutes that were repealed in 2010. See, e.g., CAL. CORP. CODE § 15509 (Dearing 2018) (repealed 2010). Without delving into the complexities of corporate law in California, the Court takes judicial notice of § 15904.05(b) of the California Corporations Code, which states that a judgment against a limited partnership "is not by itself a judgment against a general partner."

**II. Peju Partnership**

Cesari also argues that the preclusive effect of the 2004 TTAB litigation should be extended to Peju Partnership because its sole general partner is Peju Corporation, which is owned by

"Anthony (Tony) Peju, who essentially owns and controls all three entities." Pl.'s Mem. Supp. Renewed Mot. 3.

Cesari's argument fails for two reasons. First, Cesari does not even attempt to show that Peju Partnership controlled Peju Province in the TTAB litigation or that Peju Province is controlling Peju Partnership in the instant litigation. Indeed, it would have been impossible for Peju Partnership to have controlled Peju Province in the TTAB litigation because Peju Partnership did not exist during the proceeding. See Defs.' Opp'n. 1. Second, insofar as Cesari is basing its argument on Anthony Peju's role in the three entities, it is an argument that Cesari made in its original motion for partial summary judgment which we rejected. As we noted then, simply holding management positions in a corporate entity "is not enough to extend preclusive effect" to Mr. Peju. Cesari, 2017 U.S. Dist. LEXIS 210542, at *13. While a corporate officer may be held personally liable for trademark infringement and unfair competition if the officer is a "moving, active, conscious force" behind the corporate entity's infringement, KatiRoll Co. v. Kati Junction, Inc., 33 F. Supp. 3d 359, 367 (S.D.N.Y. 2014), personal liability is different from the extension of preclusive effect to other corporate entities that Mr. Peju purportedly owns or controls.

Subsequent to the briefing of the renewed motion, Anthony Peju signed the notice of substitution of attorney for all three

defendants, and he called plaintiff directly to discuss the litigation.  See ECF. No. 75.  Cesari argues that these acts demonstrate that Mr. Peju is controlling this litigation for all three defendants.  Plaintiff seems to forget that "it is not the Pejus as individuals, but the other entities, whom Cesari seeks to bind."  Cesari, 2017 U.S. Dist. LEXIS 210542, at *14.  In the absence of a basis to pierce corporate form, we are required to respect the legal status of entities.

Therefore, we deny plaintiff's motion with prejudice because the factual record still continues to be insufficiently developed.

## Discovery Disputes

The sense of impatience exhibited in plaintiff's renewed motion also permeates the discovery dispute letters that the parties have filed in the past four months.  Without making any good faith effort to resolve the disputes between themselves, the parties resorted to filing documents with errors that, quite frankly, should not be made.  See, e.g., ECF No. 115 (plaintiff's counsel filing an updated version of the letter in ECF No. 114 to fix grammar and typing errors); ECF No. 123 (defendants' counsel filing a supplemental letter to correct and supplement erroneously filed documents in ECF No. 122).  The Court understands counsel's natural desire to advocate zealously on behalf of their clients, but such a desire does not justify the haste in filing unfinished work products that impose on the Court's limited resources.

Specifically, the letters, see ECF Nos. 85, 105, 109, 110, 122, do not evidence that the parties made any good faith effort to comply with the Federal Rules of Civil Procedure and the Local Civil Rules on discovery. See, e.g., Fed. R. Civ. P. 37(a)(1); S.D.N.Y. Local Civ. R. 26.4(a). Therefore, the Court directs counsel to confer in person and to make a good faith effort towards resolving the discovery disputes raised in the letter motions.

There would appear to be two appropriate areas for discovery. The first is the subject of the renewed motion for summary judgment. Our opinions have delineated the legal framework in which to determine the preclusive effect of the 2004 TTAB proceeding. Discovery related to that framework is clearly appropriate.

The second appropriate subject of discovery relates to the remedies available to plaintiff. If plaintiff cannot extend the TTAB determination to Peju Corporation and Peju Partnership, the Court will need to determine the likelihood of confusion between the LIANO and LIANA marks by analyzing Peju Corporation and Peju Partnership's "use in commerce" of the LIANA mark and comparing that use to that of Cesari and its LIANO mark. See 3 Anne Gilson LaLonde, Gilson on Trademarks § 11.08[4][i][iv][C][I] (Matthew Bender ed.); see also id. ("Federal courts are focused on what is happening in the marketplace rather than in an application or registration."). In addition, to recover profits, as plaintiff

seeks, from any defendant, Cesari must prove only the defendants' sales, and defendants must prove any costs or deductions from its gross revenues. See 15 U.S.C. § 1117(b).

## Conclusion

For the reasons discussed, Cesari's renewed motion for partial summary judgment is denied with prejudice. Counsel are directed to confer in person within two weeks of the date of this Order and make a good faith effort to resolve the discovery disputes raised in the letters listed at docket entries 85, 105, 109, 110, and 122. Within ten days of the in-person meeting, counsel shall update the Court by joint letter on the meeting's outcome and propose a revised discovery schedule for the Court's consideration.

This memorandum and order resolves the motions listed at docket entries 60, 85, and 110.

**SO ORDERED.**

Dated: New York, New York
November 7, 2018

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE