UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

CESARI S.R.L., an Italian Limited Liability Company,

Plaintiff,

- against -

PEJU PROVINCE WINERY L.P., et al.

Defendants.

----------------------------------X

**ORDER**

17 Civ. 873 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Pursuant to Rule 26(c)(1) and 30(b)(4) of the Federal Rules of Civil Procedure and the Court's inherent authority to manage discovery, the following protocol for conducting the deposition of Kandiss Schulz scheduled for August 25, 2020 via remote means in the above-captioned manner is hereby ordered:

1. The deposition of Ms. Schulz shall be conducted remotely using videoconference technology, and the deponent shall be video-recorded.

2. The Little Reporting Company, or another reliable service provider agreed upon by the parties, shall provide court reporting, videoconference, videography and remote deposition services (the "Service Provider"). The Service Provider's employees may attend each remote deposition to transcribe and

video record the deposition, troubleshoot any technological issues that may arise, and administer the virtual breakout rooms.

3. The video-recorded remote deposition of Ms. Schulz may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or a hearing. The Court will not sustain any objection to the use of the transcript or video recording of the deposition on the basis that the deposition was taken remotely. The Parties are permitted to reserve all other objections to the use of the deposition testimony at trial or a hearing.

4. The deponent, court reporter, and counsel for the Parties will each participate in the videoconference deposition remotely and separately, except that one attorney representing the deponent is permitted to attend the deposition in person under the following conditions: (1) the deponent may not wear a mask during the deposition; and (2) the deponent and her attorney must follow all national, state, and local rules and guidelines concerning COVID-19.[1] Each person attending the deposition shall be visible to all other participants, their statements shall be audible to all participants, and they should each strive to ensure their environment is free from noise and distractions.

---

[1] If the deponent elects for her attorney to be physically present at the deposition, the burden is on the deponent and her attorney to find a location where the fact that the deponent is unmasked and that her attorney is in the same location will not violate any national, state, or local rules or guidelines concerning COVID-19.

5. Consistent with Local Rule 30.4, no counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending, except for the purpose of determining whether a privilege should be asserted.

6. During breaks in the deposition, the Parties may use the breakout room feature provided by the Service Provider, which simulates a live breakout room through videoconference. Conversations in the breakout rooms shall not be recorded. The breakout rooms shall be established by the Service Provider prior to the deposition and controlled by the Service Provider. If the deponent's attorney attends the deposition in person, the deponent and her attorney may use a physical breakout room to discuss matters off the record; such discussions are not subject to the requirement in Paragraph 4 that counsel and the deponent must remain visible and audible to the other participants.

7. The remote deposition shall be recorded by stenographic means consistent with the requirements of Rule 30(b)(3), but given the COVID-19 pandemic, the court reporter will not necessarily be physically present with the witness whose deposition is being taken. The Court will not sustain any challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

8. The court reporter will stenographically record the testimony, and the court reporter's transcript shall constitute the official record. The Service Provider will simultaneously videotape the deposition and preserve the video recording. The court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

9. The court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference. The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on the video record.

10. The Party that noticed the deposition shall be responsible for procuring a written transcript and video record of the remote deposition. The Parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

11. The Party that noticed the deposition shall provide the Service Provider with a copy of this Order at least twenty-four hours in advance of the deposition.

12. At the beginning of each deposition, consistent with Rule 30(b)(5)(A) of the Federal Rules of Civil Procedure, the Service Provider employee(s) responsible for video-recording the deposition shall "begin the deposition with an on-the-record

statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present."

13. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B) of the Federal Rules of Civil Procedure, the Service Provider employee(s) responsible for video-recording the deposition shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

14. The Parties shall work collaboratively and in good faith both with each other and with the Service Provider to assess the deponent's technological abilities and to troubleshoot any issues at least 48 hours in advance of the deposition so any adjustments can be made. The Parties shall work collaboratively to address and troubleshoot technological issues that arise during a deposition and make every reasonable effort under the circumstances to address such issues. This provision shall not be interpreted to compel any Party to proceed with the deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent where all reasonable measures to cure the

technological issues have been exhausted. Any technological issues lasting more than five minutes shall not count against the time set aside for taking the deposition.

15. The deponent shall endeavor to have technology sufficient to appear for a videotaped deposition (e.g., a webcam and computer or telephone audio), and bandwidth sufficient to sustain the remote deposition. Counsel for the deponent shall consult with the deponent prior to the deposition to ensure the deponent has the required technology. If not, counsel for the deponent shall endeavor to supply the required technology to the deponent prior to the deposition.

16. Any of the following methods for administering exhibits may be employed during the remote deposition, or a combination of one or more methods:

(i) Counsel noticing the deposition may choose to mail physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. In that event, noticing counsel shall so inform the deponent's counsel, the other Party's counsel, and the court reporter prior to mailing the documents and shall provide tracking information for the package. Such documents shall be delivered by 12:00 pm ET the business day before the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the package by electronic mail

to Counsel noticing the deposition. If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition. This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

(ii) Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other Party's counsel, and the court reporter. The .zip file shall be delivered by 12:00 pm ET the business day before the deposition. Counsel for the deponent, the other Party's counsel, and the court reporter shall confirm receipt of the .zip file by electronic mail to Counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB.

(iii) Counsel may introduce exhibits electronically during the deposition, by using the Service Provider's document-sharing technology, by using the screensharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

17. All deponents receiving documents before or during a deposition, pursuant to Paragraph 16 above, shall return the documents to the counsel who sent them originally, within two business days following the completion of the deposition, and shall not retain them in any manner. Counsel noticing the deposition shall include a pre-paid return shipping label in any package of documents mailed to a deponent.

18. Counsel for the Parties may keep any document or exhibit marked for use during the deposition, consistent with the Protective Order entered in this case. Counsel for the Parties shall return any documents not marked for use during the deposition to the counsel who sent them originally within two business days following the completion of the deposition and shall not retain them in any manner.

**SO ORDERED.**

Dated: New York, New York
August 20, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE