```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
CESARI S.R.L.,

                Plaintiff,                    ORDER

          - against -                         17 Civ. 873 (NRB)

PEJU PROVINCE WINERY L.P., PEJU
FAMILY OPERATING PARTNERSHIP, L.P.,
and PEJU PROVINCE CORPORATION,

                Defendants.

-----------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

The Court has reviewed plaintiff's letters dated November 19 and 22, 2020. Notably, as of this writing, defendants' counsel did not respond to plaintiff's letter of November 19 seeking emergency relief based upon the scope and content of defendants' Rule 30(b)(6) deposition notice. That notice was served on November 18, four business days before the scheduled deposition of plaintiff's CEO, who is located in Italy. Rather, without even an attempt to defend the Rule 30(b)(6) deposition notice, defendants' counsel took it upon himself to cancel the November 24 deposition. This was the second time defendants' counsel cancelled a scheduled deposition of plaintiff's CEO.

This exchange is only the latest in an excessive number of discovery disputes presented to the Court. In the typical case, these disputes would have been resolved between counsel without

the need for the Court's intervention.  Months ago, the Court had thought that it had made it abundantly clear to counsel that their unprofessional conduct had to cease, as it was detrimental to the resolution of this case on the merits and a colossal waste of client resources.  Apparently, counsel have not internalized the Court's message.  Given counsel's inability to resolve disputes between themselves, the Court is left with no other choice but to intervene yet again.  Accordingly, the following protocols will govern the deposition of plaintiff's CEO:

(1)   If defendants wish to take the deposition of plaintiff's CEO under either Rule 30(b)(1) or 30(b)(6), that deposition must be done completed within the next 45 days.  To schedule that deposition, defendants must offer plaintiff by December 2, 2020 three proposed dates after December 10, 2020 for the deposition from which plaintiff may choose (excluding all weekends and December 24, 2020 through January 1, 2021);

(2)   The deposition of plaintiff's CEO shall begin at 8:00 a.m. EST, shall last for no longer than seven hours, and shall be conducted over the course of a single day, regardless of whether it is noticed as a Rule 30(b)(1) and/or a Rule 30(b)(6) deposition; and

(3)   In light of the overbroad and objectionable scope of defendants' original Rule 30(b)(6) deposition notice, if defendants wish to serve another Rule 30(b)(6) notice, they must

do so by December 2, 2020, and defendants will have to justify to the Court in the form of a written explanation following each and every subject they propose in that notice, and thereafter the Court shall decide whether the topic is permissible.

    As the parties are well aware, the Court has refrained from issuing sanctions in this case up to now.  Counsel should not assume that the Court's reluctance will continue.  Nor should counsel assume that if they engage in sanctionable conduct that the sanction will not be directed to them personally.

    **SO ORDERED.**

Dated:    New York, New York
            November 23, 2020

                                            NAOMI REICE BUCHWALD
                                       UNITED STATES DISTRICT JUDGE