```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

CESARI S.R.L.,

                        Plaintiff,
                                                MEMORANDUM AND ORDER
            - against -
                                                17 Civ. 873 (NRB)
PEJU PROVINCE WINERY L.P., PEJU FAMILY
OPERATING PARTNERSHIP L.P., and PEJU
PROVINCE CORPORATION,

                        Defendants.

----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

By letter on January 9, 2023, counsel to defendants Peju Province Winery L.P. and Peju Family Operating Partnership, L.P. (collectively, "Peju" or "defendants") moved for leave to serve an expert report to pursue an advice of counsel defense. See ECF No. 394. Since the relevance of an advice of counsel defense at the damages phase, where plaintiff Cesari S.R.L. ("Cesari" or "plaintiff") is only seeking disgorgement, was not obvious to the Court, the Court directed defendants to furnish case authority describing how an advice of counsel defense would impact the remaining issue of disgorgement and an offer of proof. See ECF No. 396. The Court also permitted plaintiff to respond to defendants' submission. See ECF No. 399.[1]

---

[1] Although the Court did not authorize additional submissions, defendants filed a reply on February 1, 2023, see ECF No. 401, and plaintiff filed a sur-reply

1

In their letter of January 20, 2023, defendants cite to their twelfth affirmative defense, raised in their answer to plaintiff's amended complaint:

> Plaintiff's claims and recovery are barred or diminished, in whole or in part, by virtue of the legal advice the Peju Defendants received from its prior trademark counsel, Scott Gerien, beginning in or about January 2016, which included, inter alia, neither the identification of Plaintiff's trademark LIANO as an obstacle, nor potential obstacle, to Peju's proposed use or registration in the United States of the trademark LIANA in International Class 33, nor that a prior entity identified as "Peju Province" had previously filed a trademark application with the United States Patent and Trademark Office for LIANA in International Class 33 on February 10, 2003 and which, in turn, became the subject of an inter-partes decision by the TTAB in July 2004.

See ECF No. 397 at 2. Defendants assert that expert testimony on the inadequacy of their counsel's advice "does not go to the issue of liability, [rather] it goes to the issue of willfulness which, in turn, may be relevant in mitigating the amount of damages awarded to plaintiff." Id. (internal citations and quotations omitted). However, defendants cite no case authority in this Circuit permitting an advice of counsel defense to reduce profits at the disgorgement phase of a trademark case. See e.g., Star Indus., Inc. v. Bacardi & Co., 412 F.3d 373, 388 (2d Cir. 2005) (considering whether the defendant acted in "good faith" in the

---

on February 2, 2023, see ECF No. 402. In their reply, defendants requested oral argument on their application. See ECF No. 401 at 1. Because the parties' letters provide sufficient information to resolve this dispute, defendants' request is denied.

liability phase); W.W.W. Pharm. Co. v. Gillette Co., 984 F.2d 567, 575 (2d Cir. 1993) (same); Cuisinarts, Inc. v. Robot-Coupe Intern. Corp., 580 F. Supp. 634, 637 (S.D.N.Y. 1984) (considering only unjust enrichment and deterrence rationales for accounting); see also ECF No. 400-1 (plaintiff's chart distinguishing authorities cited in defendants' letter).

Moreover, the Court has repeatedly reminded the parties that, at this stage, the Court must assess profits as set forth in 15 U.S.C. § 1117(a):

> In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed . . . . If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty.

15 U.S.C. § 1117(a); see also ECF No. 391 at 1.  As defendants acknowledge, in Romag Fasteners, Inc v. Fossil, Inc., the Supreme Court clarified that a "showing of willfulness" is not a "precondition" to awarding profits in trademark cases. 140 S. Ct. 1492, 1496-97 (2020).  Nevertheless, "a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate," id. at 1497, as an "award of profits for innocent or good-faith trademark

infringement would not be consonant with the 'principles of equity' referenced in § 1117(a)," id. at 1498 (Sotomayer, J., concurring).

Here, however, the issue of good faith has already been resolved in the context of defendants' own motion for summary judgment. Indeed, in the Court's August 3, 2022 Memorandum and Order, the Court held that "Peju did not use the LIANA mark in good faith," in light of the following conduct:

> [B]etween 2005 and 2007, Peju continued to use the LIANA mark despite actual knowledge of Cesari's first-in-time registered trademark, Cesari's opposition to Peju's use of the LIANA mark, and the TTAB's ruling that Peju's mark was likely to cause confusion with Cesari's mark . . . . Even assuming the Peju daughters were unaware of the original dispute with Cesari when they sought to resurrect the LIANA brand in 2014, Peju was put on notice of Cesari's registered mark and opposition in August 2016, when Cesari filed a request for an extension of time to oppose the 2016 Application. Cesari then sent Peju a cease-and-desist letter in November 2016. In January 2017, Cesari apprised Peju of the TTAB's prior determination that the LIANA mark was likely to cause confusion with Cesari's mark. Peju nevertheless continued to use the LIANA mark. It wasn't until July 2018 — one and a half years after this action was commenced — that Peju finally terminated its use of the LIANA brand.

ECF No. 372 at 37-39 (internal citations omitted).[2]

Defendants' suggestion that the Court's decision on defendants' own summary judgment motion was based on an undeveloped record does not withstand even cursory analysis. See ECF No. 397

---

[2] The Court is reminded by defendants' submissions that it was Anthony Peju who signed the 2016 application to register the "LIANA" mark. See ECF No. 372 at 10.

4

at 3. Not only was the fact that defendants had sought advice of counsel from Gerien reflected in the Court's decision, but the Court's bad faith finding was also well-supported by other actions of defendants having nothing to do with Gerien's advice. See ECF No. 372 at 9-10, 37-39; see also Cuisinarts, 580 F. Supp. at 638 ("[T]aking counsel's advice does not ipso facto and in all circumstances shield the actor from the consequences of his act. Full and accurate disclosure must be made to counsel . . . Otherwise counsel's advice is a sham, a smokescreen set up to mask the actor's real intent.")

Beyond that, even if an expert might be appropriate, which it is not here, the evidentiary proffer does not contain any proposed testimony which cannot be provided by fact witnesses and does not intrude on the Court's role as the ultimate decision maker.

Accordingly, defendants' application for leave to serve an expert report to pursue an advice of counsel defense is denied.

**SO ORDERED.**

Dated:   New York, New York
         February 6, 2023

                                        NAOMI REICE BUCHWALD
                                      UNITED STATES DISTRICT JUDGE