```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

CESARI S.R.L.,

                         Plaintiff,
                                                        ORDER
           - against -
                                                    17 Civ. 873 (NRB)
PEJU PROVINCE WINERY L.P., PEJU FAMILY
OPERATING PARTNERSHIP L.P., and PEJU
PROVINCE CORPORATION,

                         Defendants.

----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Peju's application for a pre-motion conference to address an issue of liability is denied. See ECF No. 431. The issues of liability were resolved long ago. In 2004, the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office rejected Peju's pending trademark application after broadly concluding that its mark, LIANA, was likely to cause confusion with Cesari's previously registered mark, LIANO, given "[t]he sole distinction between the two marks is the last letter" and the parties' goods (i.e. wines in International Class 33) are "identical." See ECF No. 1-2 at 2, 4. Despite this clear ruling, six years ago, in its opposition to Cesari's first motion for partial summary judgment, Peju's counsel made the same argument he makes in the present application: that the TTAB decision should not preclude Peju from re-litigating the issue of likelihood of

1

confusion, in part, because the TTAB did not consider the differences between Peju's labels, such as one iteration in which "LIANA ESTATES appears only on the back of the wine bottle." See ECF No. 29 at 8-10.  The Court rejected Peju's argument in its December 11, 2017 decision on plaintiff's motion.  See Cesari S.r.L. v. Peju Province Winery L.P., No. 17 Civ. 873(NRB), 2017 WL 6509004, at *3-4 (S.D.N.Y. Dec. 11, 2017) ("The parties each use their mark in ways that are materially the same as the usages adjudicated by the TTAB . . . . Because defendants have not offered any evidence that LIANA is used with respect to goods other than wines (bicycles or soda, for instance), there are no 'non-disclosed' usages that might necessitate a successive adjudication.").  Apart from not acknowledging the scope of this Court's prior rulings, Peju's argument that the Court must nevertheless evaluate the labels on its recently discovered four additional relevant SKUs is pointless, given that "Cesari is not seeking disgorgement relating to these newly produced SKUs." See ECF Nos. 431 at 4, 7; 434 at 4.  Furthermore, Peju's attempt to now raise a fair use defense is both meritless and untimely.  See ECF No. 431 at 5-8.

**SO ORDERED.**

Dated:   New York, New York
         June 13, 2023

                                              _____
                                              NAOMI REICE BUCHWALD
                                              UNITED STATES DISTRICT JUDGE