UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

CESARI S.R.L.,

                          Plaintiff,

                                                          **ORDER**

                    - against -
                                                  17 Civ. 873 (NRB)

PEJU PROVINCE WINERY L.P., PEJU FAMILY
OPERATING PARTNERSHIP L.P., and PEJU
PROVINCE CORPORATION,

                          Defendants.

---------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


     At the outset, the Court wants to make it perfectly clear
that regardless of any issues raised in yesterday's teleconference
and the parties' letters of June 27, 2023 and June 28,
2023, see ECF Nos. 445, 446, the trial date, which was set seven
months ago, is not moving.

     We will first address the Court's direction to the parties
regarding the submission of exhibit lists.  See ECF No. 444.  It
is the Court's understanding that both parties intend to comply
with our order of June 27, 2023 to the extent that they will be
submitting a list of all exhibits that they intend to rely on and
proffer at trial.  See ECF No. 446 at 2.  Both parties shall
prepare their exhibit lists in chart form to allow the other party
to indicate for each exhibit whether it stipulates to or objects
to its authenticity and admissibility.  See ECF No. 444.  For each

1

objection, the objecting party shall briefly identify the basis for the objection, which can be expanded on at trial.  The parties should exchange their exhibit charts no later than 6:00 P.M. today, and complete charts with stipulations and objections shall by filed on ECF no later than Friday, June 30, 2023 at 10:00 A.M.  The parties are reminded of the importance of the documents upon which the experts rely in that the Court must make findings of fact and determine whether to adopt the experts' opinions in whole or in part.

We next address plaintiff's contention that defendants did not timely comply with Fed. R. Civ. P. 26(a)(3).  If plaintiff believed Rule 26(a)(3) should be applied here, plaintiff should have brought that issue to the Court's attention weeks ago as it is the responsibility of the parties to raise issues to the Court on a timely basis thus enabling the Court to resolve those issues.  In any event, it is the Court's view that Rule 26(a)(3) does not directly apply to this bench trial concerning the sole issue of disgorgement.  Moreover, we note that even if Rule 26(a)(3) applied, plaintiff has already received more information than she would have as she has effectively received the direct testimony of defendants' proposed witnesses in affidavits years ago.

This discussion is not a ruling on whether the Court permits the testimony of Ms. Schulz and/or Mr. Lewin as the need for

testimony from witnesses other than the parties' experts will be affected by the parties' willingness to stipulate to the authenticity and admissibility of the underlying factual documents and affidavits.  For the parties' guidance, with respect to the affidavits, the parties could stipulate that, if a witness were called to testify at trial, the witness would testify to the content of their affidavit.  Such a stipulation would, in effect, treat the affidavit as the witness's direct testimony, while reserving the ability to cross examine the witness.  The use of such a stipulation in no way adopts the content of the affidavit.

In conclusion, the length and content of the trial will obviously be affected by the parties' willingness to stipulate or not.

**SO ORDERED.**

Dated:    New York, New York
          June 28, 2023

                                    _____
                                      NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE